SAMUEL, Judge.
Plaintiff filed this suit against her automobile insurer for the total loss of her car. Damage to the car was due primarily to rising water which flooded the vehicle during Hurricane Betsy on September 9, 1965. The defense is that the policy does not cover loss due to flood or rising water. After a trial on the merits, the lower court awarded plaintiff $3,525.66, the value of the car at the time of the loss. Defendant has appealed.
The uncontradicted testimony of plaintiff’s expert repairman established the automobile was a total loss as a result of submersion in salt water which destroyed the mechanical and electrical systems, ruined the interior, and rusted the exterior. In addition, the roof was dented and the windshield and a side glass were broken. It was a new car, purchased in July, 1965 for $3,940, and was approximately two months old when the loss occurred. The insurance policy in suit includes comprehensive coverage which, in turn, includes loss caused by windstorm.
*725 Plaintiff and her husband testified to the events which took place immediately preceding the flooding of the vehicle. Both said the extremely high winds of the hurricane caused the carport to collapse on top of the car. A short time later, within approximately fifteen minutes, the water began to rise very rapidly. It became necessary for them to be evacuated from their home by boat. According to plaintiff, when they left their home the automobile was not visible because the water was up to the rooftops. Plaintiff’s family was unable to return until six days later when the flood receded.
At this point we note plaintiff’s testimony at a pretrial deposition and at the trial itself is contradictory in some respects. Most noteworthy is the fact that in the deposition she attributed the damage to rising water only and failed to mention the carport had collapsed, even though she was directly questioned as to whether something fell on the car. Defendant has argued this point at length before us. But in view of the conclusion we reach, a conclusion not contingent on which account is correct, we will accept the factual assumption most favorable to the plaintiff, that the carport was blown down and immobilized the car before the water rose.
The question before us on the merits[1] is whether the plaintiff can recover the full value of the car under the policy which covered “direct” loss by windstorm but which contained the following exclusionary provision:
“This policy does not apply:
(d) under any of the coverages to loss caused by or due to wear and tear, freezing, rising water, flood, mechanical or electrical breakdown, or failure, unless such damage is the direct result of other losses covered by this policy.” (Emphasis ours).
Relying on a case recently handed down by the Supreme Court of Louisiana, Lorio v. Aetna Insurance Company, 255 La. 721, 232 So.2d 490 (1970), counsel for plaintiff contends “direct result” as contained in the above quoted exclusionary policy provision has the same meaning as “proximate cause” in negligence cases. He further argues the windstorm in the instant case was the proximate cause of the loss of plaintiff’s automobile because: “The winds of the storm caused the carport, under which the plaintiff-appellee’s car was parked, to blow down upon the car. This immobilized the car in that position and caused it to be subjected to the rising waters that came later. . .”
We agree Lorio holds, and is controlling on the proposition, that “directly resulting”, “direct loss” and, here, “direct result” as used in windstorm insurance policies are interpreted so that they have essentially the same meaning as “proximate cause” in negligence cases. But we cannot agree with the argument that plaintiff is entitled to recover the full value of her car as a result of such interpretation.
In Lorio, a quarter horse kicked in or pushed out a portion of a wall separating his stall from a wheat supply and died as a result of overeating. The owner attempted to recover for the death under a policy which insured against loss of the horse “directly resulting” from windstorm, alleging Hurricane Betsy had blown down a portion of the horse barn and had weakened the temporary stall in which the animal was housed after the storm. His theory was the windstorm was the proximate cause of death because it had weakened the wall the horse broke through. The Court agreed plaintiff would have recovered if he had proved the winds had been a proximate cause of the horse’s death, i. e., the horse could not have broken through the wall except for the fact that it had been weakened by the hurricane. However, the Court pointed out that because the immediate *726 cause of death was overeating, plaintiff bore the burden of proving the windstorm was the proximate cause of death and he had failed to carry that burden.
In the instant case, especially in view of the fact that the immediate cause of the vastly major portion of the damage was rising water (circumstances equivalent to those in Lorio) and in view of the above quoted policy provision which excludes rising water unless the damage is the “direct result” of covered perils[2], plaintiff had the burden of proving the total loss of her automobile was proximately caused by windstorm, a covered peril. She has failed to carry that burden.
The record is devoid of any evidence establishing or suggesting the vehicle would or could have been moved out of the danger of rising water even if it had not been immobilized by the carport which the wind had blown down. And, in the absence of convincing evidence to the contrary, it is obviously and highly unlikely plaintiff or her husband would have left the comparative safety of their home for the purpose of moving the automobile during the severe hurricane. There appears to have been no reason for leaving the home or for moving the car prior to the time the water began to rise and, even absent the blown down carport, because of the fact that the water rose with such extreme rapidity there could have been little or no opportunity to move the vehicle after the rise began.
Accordingly, on the record before us we must and do hold the damage to the automobile caused by the rising water would have occurred even if the carport had not been blown down by the windstorm. As a proximate cause must contribute to the result, this brings the matter under a recognized rule of exclusion, the “but for” or “sine qua non” rule, within the doctrine of proximate cause: An occurrence cannot be a proximate cause of an event if the event would have taken place without the occurrence or, under circumstances not present here (as where two causes concur to bring about an event which would have resulted from either of those two causes alone), unless the occurrence is a material element and a substantial factor in bringing the event about.[3] We conclude windstorm was not a proximate cause of any damage resulting from rising water and therefore such damage is not recoverable under the policy in suit.
However, there is evidence in the record showing the collapsing carport damaged the insured automobile to some extent, particularly in that the roof was dented and the windshield and a side glass were broken. Under the policy plaintiff is entitled to recover for such damage. Therefore the matter will be remanded to permit proof of damage caused by the windstorm alone.
For the reasons assigned, that portion of the judgment which grants recovery for any damage sustained as a result of rising water is reversed and such recovery is denied. In all other respects the judgment is annulled and set aside and the matter is remanded to the trial court for the purpose of determining the amount of damage caused by the windstorm alone and awarding judgment therefor. All costs are to await a final determination.
Reversed in part; annulled and set aside in part; and remanded.

. Our conclusion on the merits renders unnecessary a consideration of various exceptions filed by the defendant.

. Here it is plaintiff who contends the windstorm was a proximate cause.

. Prosser Torts 4th Ed. HB, pp. 236, et seq.